IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-370-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KENYA HICKS, | ) | |
| | ) | |
| Defendant. | ) | |

On April 16, 2012, pursuant to a written plea agreement, Kenya Hicks ("Hicks") pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 28 grams of cocaine base (crack) and a quantity of cocaine. See [D.E. 1, 52]. On July 26, 2012, the court held Hicks's sentencing hearing. See [D.E. 63, 66]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 56]; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Hicks's total offense level to be 32, his criminal history category to be III, and his advisory guideline range to be 135 to 168 months' imprisonment. See [D.E. 67] 1. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Hicks to 90 months' imprisonment. See [D.E. 66]. Hicks did not appeal.

On January 29, 2015, Hicks moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 71]. Hicks's new advisory guideline range is 121 to 151 months' imprisonment, based on a total offense level of 30 and a criminal history category of III. See Resentencing Report. Hicks requests an 81-month sentence. See id.; [D.E. 74] 1–2, 6.

The court has discretion to reduce Hicks's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Hicks's sentence, the court finds that Hicks engaged in serious criminal behavior. See PSR ¶¶ 9–14. The conspiracy took place for approximately six months and involved over 306 grams of cocaine base (crack) and 4.8 kilograms of cocaine. See id. Hicks also has prior convictions for simple possession of a schedule VI controlled substance, possession of marijuana, and possession of drug paraphernalia. See id. ¶¶ 16–18. Finally, Hicks has taken some positive steps while incarcerated on his federal sentence, but has been sanctioned for refusing to obey an order and for communicating gang affiliation. See Resentencing Report; [D.E. 72]; [D.E. 74]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Hicks received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Hicks's sentence would threaten public safety in light of his serious criminal conduct and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Hicks's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

2

In sum, the court DENIES Hicks's motion for reduction of sentence [D.E. 71].

SO ORDERED. This 16 day of October 2017.

                                              JAMES C. DEVER III
                                              Chief United States District Judge